UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| MARK MORELOCK, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 12-CV-57-HRW |
| ) | |
| V. ) | |
| ) | |
| MICHAEL SEPANAK, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Mark Morelock is an inmate confined in the Federal Prison Camp located in Ashland, Kentucky. Proceeding without counsel, Morelock has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1] The Court has reviewed the petition,[1] but must deny it because Morelock can not pursue his claims in a habeas corpus proceeding under § 2241.

---

[1] The court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because Morelock is not represented by an attorney, the court reviews his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the court accepts Morelock's factual allegations as true and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

## BACKGROUND

In June 2008, Morelock pleaded guilty in an Ohio federal court to conspiracy to distribute and possession with intent to distribute 100 kilograms or more of marijuana. *United States v. Morelock*, No. 2:08-cr-75-JLG-TPK-1 (S. D. Ohio. 2009) [D. E. No. 64 therein] Morelock received a 144-month sentence. [D. E. No. 96 therein] Morelock appealed his sentence, but the Sixth Circuit affirmed. *United States v. Morelock*, 369 F. App'x 681 (6th Cir. 2010). Morelock did not file a motion in the sentencing court under 28 U.S.C. § 2255 to vacate or set aside his sentence.

In his § 2241 petition, Morelock claims that because he received ineffective assistance of counsel during the plea process, his conviction and sentence violate the Sixth Amendment of the United States Constitution. Morelock alleges that his counsel failed to obtain a plea bargain which was more favorable than the one to which he agreed. Morelock contends that two recent Supreme Court cases, both decided on March 21, 2012, *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376 (2012), and *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399 (2012), support his Sixth Amendment claims of ineffective assistance of counsel and entitle him to relief from his sentence under § 2241.

In *Frye*, the Supreme Court held that defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms that may

be favorable to the accused, prior to the offer's expiration, and defense counsel's failure to do so satisfies the deficient performance prong of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1986). *Frye*, 132 S.Ct. at 1409. The Court further held that to show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, a defendant must demonstrate a reasonable probability he would have accepted the earlier plea offer had he been afforded effective assistance of counsel, and he must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. *Id*.

In *Lafler*, the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process. *Lafler*, 132 S.Ct. at 1386. The defendant received a substantially more severe sentence at trial than he likely would have received by pleading guilty. *Id*. The Court held that the proper remedy to cure the ineffective assistance of counsel was to order the prosecution to re-offer the plea agreement and allow the state trial court to "... exercise its discretion in determining whether to vacate the convictions and resentence respondent pursuant to the plea agreement, to vacate only some of the convictions and resentence respondent accordingly, or to leave the convictions and

3

sentence from trial undisturbed." *Id.* at 1391.

## DISCUSSION

Morelock is not challenging any aspect of the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, he contends that his drug trafficking convictions are invalid because he received ineffective assistance of counsel during the plea-bargaining process. But § 2241 is not the mechanism for asserting such challenges: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a

way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Morelock's claims do not fall within this exception for two reasons. First, Morelock did not attempt to raise his various Sixth Amendment claims by filing a § 2255 motion in the court where he was convicted, despite the fact that a defendant's right to effective assistance of counsel in the plea-bargaining context was established long ago, in *Hill v. Lockhart*, 474 U.S. 52 (1985). The remedy provided under § 2255 is not rendered inadequate and ineffective if the prisoner presented a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *See Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002); *Bautista v. Shartle*, 2012 WL 11135, at *2 (N.D. Ohio Jan. 3,

2012). Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758. The burden is on the petitioner to establish that the remedy under § 2255 is inadequate or ineffective, *Martin*, 319 F.3d at 804-05, and Morelock has not carried his burden with respect to his Sixth Amendment claims.

Second, *Frye* and *Lafler* are not retroactively applicable to cases on collateral review. The savings clause of § 2255 can implicate § 2241 when the movant alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), but actual innocence requires factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623–24; *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903–04 (5th Cir. 2001). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the type of claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001).

Morelock cannot make that showing, as four federal circuit courts of appeal

have held that because *Frye* and *Lafler* do not announce a new constitutional rule justifying a second or subsequent § 2255 petition, they are not retroactively applicable to cases on collateral review. *Buenrostro v. United States*, 2012 WL 4784304, at *2 (9th Cir. Oct. 9, 2012) (holding that "... these cases did not break new ground or impose a new obligation on the State or Federal Government."); *In re King*, 2012 WL 4498500, at *1 (5th Cir. Aug. 14, 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Perez*, 682 F.3d 930, 932–33 (11th Cir. 2012). Morelock is therefore not entitled to relief under § 2241, and his habeas petition will be denied.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Mark Morelock's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This the 14th day of November, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge